UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OMAR REYNOSO,                           )   Case No. 2:24-cv-07041-MRA-JC
                                        )
                 Plaintiff,             )
                                        )
         v.                             )   MEMORANDUM OPINION AND
                                        )   ORDER DISMISSING ACTION
                                        )
J. ANAYA, et al.,                       )
                                        )
                 Defendants.            )
_____    )

## I.    BACKGROUND AND SUMMARY

On August 20, 2024, Plaintiff Omar Reynoso, a California inmate confined at California State Prison, Los Angeles County ("CSP-LAC"), who is proceeding *pro se* and has been granted leave to proceed without prepayment of filing fees ("IFP"), formally filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against seven CSP-LAC employees, sued in their individual capacities. (Docket No. 1). The Complaint asserted claims for violation of Plaintiff's First Amendment right to receive personal mail, his Eighth Amendment right to be free from cruel and unusual

punishment, and his Fourteenth Amendment right to "Life, Liberty, [and] Property"

(construed as his right to due process), along with multiple state tort claims, based on

allegations that the mail room staff mishandled and then lost a packet of important

documents that his family had sent to him by certified mail, and that his subsequent

efforts to obtain administrative relief were evaded or denied.  (See Comp. at 6, 15-

24).[1]  He sought declaratory, injunctive, and monetary relief.  (Comp. at 7).

As Plaintiff is a prisoner and is proceeding IFP, the assigned Magistrate Judge

screened the Complaint to determine if the action is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and

1915A.

On April 7, 2025, the Magistrate Judge issued an Order Dismissing Complaint

with Leave to Amend and Directing Plaintiff to Respond to Order ("Screening

Order").[2]  (Docket No. 8).  The Screening Order advised Plaintiff that the Complaint

---

[1]Citations to the Complaint and its attachments refer to the page numbers assigned by the Court's official Case Management/Electronic Case Filing (CM/ECF) system.

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The

was deficient for reasons described in the Screening Order,[3] dismissed the Complaint with leave to amend, and directed Plaintiff, within twenty-one days (*i.e.*, by April 28, 2025), to file one of the following:  (1) a First Amended Complaint which cures the pleading defects described in the Screening Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Complaint.  The Screening Order expressly cautioned Plaintiff that the failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the Screening Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the Screening Order.

As of May 29, 2025, the Court had not received any response by Plaintiff to the Screening Order or any request for an extension of time to comply therewith.  Accordingly, on such date the then-assigned District Judge issued a Memorandum Opinion and Order Dismissing Action and Judgment and the case was closed.

---

Screening Order expressly notified Plaintiff that (1) the Screening Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the Screening Order if such party did not seek review thereof or object thereto.  (Screening Order at 13 n.4).

[3] Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Complaint failed to state a viable federal claim for relief and that absent a viable federal claim, it was appropriate for the court to decline to exercise supplemental jurisdiction over his state claims.

(Docket Nos. 9, 10). However, unbeknownst to the Court, the Clerk – on May 23, 2025, before the dismissal of this action and the entry of judgment – had received a motion from Plaintiff requesting an extension of time to comply with the Screening Order ("Extension Request"). (See Docket No. 11). The Extension Request appeared to have been signed by Plaintiff on May 14, 2025 and to have been provided to prison authorities for mailing on May 15, 2025, but was postmarked May 21, 2025, and was not docketed or actually received by the Court until May 29, 2025 – after this case had already been dismissed and closed. (See Docket No. 11). Although untimely, the Extension Request established good cause to extend Plaintiff's deadline to comply with the Screening Order. Accordingly, on May 30, 2025, the Court vacated the Memorandum Opinion and Order Dismissing Action and Judgment (Docket Nos. 9, 10), reopened this action, granted the Extension Request, and extended Plaintiff's deadline to comply with the Screening Order to June 30, 2025. (Docket No. 12). The Court cautioned Plaintiff that his failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint by the extended deadline may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the Screening Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the Screening Order. (Docket No. 12).

On June 3, 2025, this action was reassigned to the currently assigned District Judge. (Docket No. 13). Plaintiff thereafter sought and was granted multiple

4.

extensions of time to comply with the Screening Order, and such deadline was most recently extended to **September 18, 2025**.  (See Docket Nos. 14-18).

Plaintiff's most recently extended deadline to comply with the Screening Order expired more than a month ago without Plaintiff's filing of a response to the Screening Order or his filing of another request for an extension of the deadline to do so. Plaintiff neither sought review of, nor filed any objection to the Screening Order.  As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the Screening Order by the further extended deadline to do so.

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A District Judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was

///

erroneous.  <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 992 (9th Cir. 1999) (citing <u>id.</u>).

## III.    DISCUSSION AND ORDER

First, the Court has reviewed the Screening Order dismissing the Complaint and finds that the Screening Order adequately and properly notified Plaintiff of the deficiencies in the Complaint and afforded Plaintiff an opportunity to amend effectively.  This Court agrees with and adopts the Screening Order and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the Screening Order.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the Screening Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done none of those things.  <u>See</u> <u>Edwards</u>, 356 F.3d at 1065.  The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal.  <u>See</u> <u>Anderson v. Air West,</u>

Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Screening Order by the deadline to do so, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the Screening Order by the extended deadline to do so.

IT IS SO ORDERED.

DATED: December 8, 2025

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

8.